DURÁN ET AL., APPELLANTS, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 2, denying admission to record.

No. 170.—Decided March 6, 1914.

CONSOLIDATION OF PROPERTIES—RECORD OF TITLE.—Pursuant to article 61 of the Regulations for the execution of the Mortgage Law, in order that various properties may be recorded in the registry of property under one number and as one single property, it is indispensable that the said properties belong to one sole owner or to several owners *pro indiviso*—that is, that each of the different persons who wish to consolidate the real properties must have a joint ownership in each of the properties to be consolidated.

ID.—PRIVATE PROPERTY—COMMUNITY PROPERTY.—In accordance with the doctrine laid down in the foregoing paragraph, the private property of one of the spouses cannot be consolidated with the community property because the personality of a spouse is distinct from that of the conjugal partnership.

ID.—EXCHANGE BETWEEN SPOUSES.—Sections 1361 and 1444 of the Civil Code

forbid contracts for the exchange of properties between spouses, and there-
fore a consolidation of properties whereby the wife grants to the conjugal
partnership the ownership of a lot belonging exclusively to her in exchange
for a joint ownership in the whole of the consolidated property is null
and void.

RECORD OF TITLE.—When a lot is not recorded or is unrecordable, the house con-
structed thereon is not recordable.

The facts are stated in the opinion.

*Mr. Enrique Márquez Huertas* for appellants.

Mr. José Benedicto, the registrar, appeared by brief *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

By a public instrument executed on August 18, 1913, in
the town of Bayamón before Notary Enrique Márquez Huer-
tas, Juana Durán and her husband, Francisco Jiménez, con-
solidated two properties, one of which is described under
letter A and consists of a lot containing 218.40 square meters
upon which is a wooden house with a zinc roof 8 *varas* in
front by 8 *varas* deep, on Comerío Street of the town of Baya-
món, and the other, described under letter B, consisting of a
lot situated on the same street of the said town containing
195.30 square meters on which is a house 6 *varas* in front by
10 *varas* deep, the two properties joined forming one single
property described as follows:

"Urban. A lot situated on Comerío Street, Bayamón, containing
413.70 square meters, bounded on the front, or south, by the said
Comerío Street; on the rear, or north, by a proposed street without
name; on the east, or right entering, by a lot belonging to Successors
of San Miguel Hermanos, and on the left, or west, by property be-
longing to Miguel Granela. According to the record in the registry
of property, the property contains a house constructed of foreign lum-
ber with a zinc roof, 8 *varas* in front by 8 *varas* deep, with a gallery
and five doors in front, and a one-story wooden house with a zinc
roof, 6 *varas* in front by 10 *varas* deep, the value of the said property,
free of encumbrances, being $1,700."

In said deed of August 18, 1913, Juana Durán stated that
with her own money she had constructed a one-story wooden

house measuring 19 *varas* in front by 8 *varas* deep on the two lots mentioned, valued at $1,000, which statement was concurred in by her husband, Francisco Jiménez. Both spouses likewise agreed that the property described under letter A was purchased for $1,000 and paid for by the said Juana Durán with her own private means, the said property being, therefore, the private property of the said Juana Durán. She and her husband agreed that upon consolidating the property described under letter A with the other property described under letter B the consolidated property and the house constructed thereon should be recorded as owned by the two spouses in common *pro indiviso,* "Juana Durán thus retaining as her own private property her interest of $1,000 as regards the value of the consolidated property with the three houses thereon, while the conjugal partnership of the two spouses will hold the interest represented by the balance of the value of the said consolidated property with the three houses thereon."

The said deed of consolidation of August 18, 1913, having been presented in the Registry of Property of San Juan, Section 2, the registrar refused to admit the same to record for the reasons stated in the following decision:

"Admission to record of the foregoing deed No. 87 executed in Bayamón on August 18, 1913, before Notary Enrique Márquez Huertas, is denied for the following reasons:

"*First.* Because as Juana Durán acquired in her own right the house and lot eight *varas* in front by eight *varas* deep and built the newly constructed house nineteen *varas* in front by eight *varas* deep with her own money, wherefore this also is her exclusive property, these are consolidated with another property belonging to the conjugal partnership composed of herself and her husband, Francisco Giménez, and the owners of the said properties being persons or entities legally distinct, for that reason the properties cannot be consolidated.

"*Second.* Because the property acquired by Juana Durán in her own right by purchase from the Succession of San Miguel is now changed and converted into an interest of $1,000 in the total value of the consolidated property.

"*Third.* Because the newly constructed house referred to, which was built with money of Juana Durán and therefore belongs to her exclusively, is transferred to the conjugal partnership and this involves a donation in favor of the husband, all of which agreements are prohibited between spouses. Instead a cautionary notice has been entered for the legal period in favor of Juana Durán as to her interest of $1,000 in the total value of the property as her own private estate; and as to the balance, or $1,700, in favor of the said Juana Durán, wife of Francisco Giménez, as belonging to the legal partnership composed of both spouses, on folio 2 of volume 46 of Bayamón, property No. 2134, record letter A. San Juan, Porto Rico, December 18, 1913. The Registrar, José Benedicto."

From the foregoing decision an administrative appeal was taken by the spouses Juana Durán and Francisco Jiménez and it is submitted to our consideration. We consider the decision well founded.

According to article 61 of the Regulations for the execution of the Mortgage Law, in order that several properties may be recorded in the registry of property under one number only and as one single property they must belong to one person only or to several persons *pro indiviso.* Therefore, in the words of the respondent registrar used in his brief, "it is indispensable that the properties sought to be consolidated belong to one person only or to several persons *pro indiviso*—that is, that each of the different persons who wish to consolidate the properties must be a joint owner of each of the properties sought to be consolidated."

The property which the appellant spouses wish to record as one property comprises the properties which we have designated under letters A and B, the former belonging to Juana Durán in her own right and the latter to the conjugal partnership of Juana Durán and Francisco Jiménez, which properties cannot be consolidated because they belong to distinct entities, for the wife, Juana Durán, and the conjugal partnership composed of herself and her husband, Francisco Jiménez, are distinct entities.

The appellants themselves have acknowledged the neces-

sity of complying with the said requirement in order that the two properties A and B may be joined and recorded as one single property under one number, for in the deed of August 18, 1913, they have endeavored to covenant that the said properties and a newly constructed house existing on the consolidated property are the property of one single legal entity in common or *pro indiviso*; in other words, of the conjugal partnership, granting to the wife an interest of $1,000 in the consolidated property as compensation for her exclusive ownership of the property described under letter A.

But the means employed to reach the ends sought is ineffectual because the acknowledgment of a part ownership in favor of Juana Durán to the extent of $1,000 in the consolidated estate, she granting to the conjugal partnership her ownership of the property under letter A, the husband thus acquiring an interest in the private property of his wife, involves a contract between husband and wife which partakes of the character of a contract of exchange between them, which being prohibited by law is null and void. Sections 4, 1361 and 1444 of the Civil Code.

As to the house constructed on the lots described under letters A and B which are sought to be consolidated, whether the said house be considered as the private property of the wife or as belonging to the conjugal partnership its admission to record has been properly denied, because, according to the covenant in the deed of consolidation of August 18, 1913, the consolidated property had to be recorded together with the house constructed thereon, and as the consolidated property which contains the lots on which the house has been constructed is not recordable, the same is true as regards the house. *Hernández* v. *The Registrar,* 16 P. R. R., 440; *Solá* v. *The Registrar of Property,* 19 P. R. R., 56.

For the foregoing reasons the decision appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.